MEYER I. TEPPERMAN, PLAINTIFF-APPELLANT, v. LOUIS
POLSTER, DEFENDANT-RESPONDENT.

Submitted February 16, 1934—Decided April 12, 1934.

For the plaintiff-appellant, *Bernard Freedman.*

For the defendant-respondent, *Harold Simandl.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in
the Essex County Circuit Court. At the close of the plain-
tiff's case the court directed a verdict of nonsuit in favor of
the defendant. The plaintiff appeals from the judgment
entered by reason of the granting of said motion.

The plaintiff alleged in his complaint that in March, 1931,
he was a real estate broker and was engaged by the defend-
ant to procure a tenant for certain premises situate at 64
Mulberry street, Newark, New Jersey; that the defendant

agreed to pay the plaintiff, in case the plaintiff procured a tenant, a commission of five per centum on such rental as might be agreed to in the lease. Plaintiff alleged that he brought to the defendant one William Lee, and that the defendant and Lee negotiated for the leasing of said building which resulted in a lease being made between the defendant and Lee for the term of three years from May 1st, 1931, at an annual rental of $5,100 and, therefore, claimed a commission of $765. It appears from the evidence that there was no written contract. There was evidence that the plaintiff, the real estate broker, introduced the prospective lessee to the defendant and after telling the defendant that he would expect a commission of the usual amount and after discussing the value of the property and after talking with the defendant as to what amount would be required by way of rent, the plaintiff left the prospective lessee and the defendant together. It appears that shortly thereafter the defendant came to an agreement with the said Lee, signed the lease and then refused to pay a commission to the plaintiff. The trial judge granted a nonsuit relying on the case of *Murray Apfelbaum, Inc., v. Bernstein, 104 N. J. L. 664.* The facts in the Apfelbaum case, above referred to, were very different from the facts as appear in the case now before us. It appeared in the Apfelbaum case that the plaintiff had worked to bring the landlord and prospective tenant together and had failed to do so. The landlord asked $28,000 and the other party would not agree to pay more than $26,000. As a result no lease was made and the broker gave up trying to get the parties together and the matter was dropped. Several months afterward, however, the same parties agreed on an entirely different kind of lease and a different kind of rent and a different term of years. In the case now before us there was never any breaking off of negotiations between the landlord and the prospective tenant. They continued negotiations although the broker was not notified of the same. It was claimed by the defendant in the present case that the broker was employed only for the purpose of procuring a purchaser for the premises. An examination of

the testimony, however, discloses that this is not so and that a jury might well have determined that the plaintiff had been employed not only for the purpose of procuring a purchaser but failing to do so was then employed to procure a tenant and that the broker brought together the said Lee and the owner of the premises in both aspects. The broker, together with Lee and the defendant, discussed not only the leasing of the premises but also the purchase of the premises by the said Lee or his associates. Plaintiff testified that he talked to the defendant about selling or leasing his property at his place of business and stated that the defendant asked him who he had and he told the defendant that it was the Chinese Association across the street; that he did not remember the names and that the defendant told him to bring them over, which the plaintiff did. Plaintiff also testified that he went to the defendant because he was looking for a place for these Chinese people to either buy or rent. Plaintiff also testified relative to a conversation with the defendant and the said Lee: "*Q.* Was there any discussion at that time about renting? *A.* Yes. * * * By the Court: What was the price that was discussed for the three buildings? *A.* I think it was $800 a month."

We are of the opinion that in view of the evidence in this case a question was raised which the jury should decide as to whether the plaintiff had or had not been employed either to procure a purchaser or a tenant for the defendant and whether the plaintiff did or did not bring the prospective lessee to the defendant and whether there was an agreement between the plaintiff and the defendant to the effect that if a lease was entered into between the defendant and the prospective tenant the plaintiff would be entitled to his commissions. We, therefore, find that the trial court erred in granting the nonsuit and that the plaintiff produced evidence sufficient to establish a *prima facie* case which might entitle him to his commissions. For the reasons above stated the judgment under review is reversed to the end that a *venire de novo* may issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.   16.